UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| VICTORIA GURNEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:14-cv-00101-GZS |
| CAROLYN W. COLVIN, Social Security Administration Acting Commissioner, | ) ) ) ) | |
| Defendant | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff seeks judicial review of Defendant's decision on Plaintiff's request for social security benefits. The matter is before the Court on Defendant's Unconsented Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant ("Motion to Remand," ECF No. 14).[1]

Through this motion, Defendant concedes that the most recent administrative decision on Plaintiff's application for disability insurance and supplemental security income benefits cannot be and should not be affirmed. Defendant, therefore, requests that the Court remand the matter for further proceedings. Plaintiff agrees that remand is appropriate, but argues that in its remand order, the Court should direct Defendant to award Plaintiff benefits.

As explained below, after consideration of the parties' arguments, the recommendation is that the Court remand the matter for further proceedings under certain conditions.

---

[1] The Court referred the motion for report and recommended decision.

## BACKGROUND

Plaintiff first requested social security benefits at the age of 17. She is presently 25 years old. On two prior occasions, the Court vacated the administrative decisions entered on Plaintiff's applications for Title II and Title XVI benefits, and remanded the matters for further proceedings.

In its first order of remand, the Court found unpersuasive Defendant's findings regarding the impact of the Plaintiff's limited ability to interact with supervisors and co-workers on Plaintiff's work capacity. The Court, therefore, concluded that Defendant's exclusive reliance on the Grid at step 5 constituted reversible error. *Gurney v. Astrue*, No. 1:09-cv-00153-JAW (D. Me. Dec. 31, 2009) (Recommended Decision at 4, ECF No. 19) ("*Gurney I*"). In its second order of remand, the Court concluded that the record, including the testimony of a vocational expert, "did not supply substantial evidence in support of the administrative law judge's Step 5 finding that a person with the plaintiff's limitations was capable of performing work existing in significant numbers in the national economy." *Gurney v. Astrue*, No. 2:11-cv-00158-NT (D. Me. Mar. 27, 2012) (Recommended Decision at 7, ECF No. 19) ("*Gurney II*").

On the second remand, the matter was assigned to a new Administrative Law Judge. The ALJ conducted a hearing on July 24, 2013.[2] (Admin. R. at 1168.) Despite the Court's conclusion in *Gurney II* that Defendant had failed to meet the step 5 burden, the ALJ did not call a vocational expert to address the step 5 evidentiary question.[3] Instead, in a decision issued on December 20, 2013, the ALJ adopted the preexisting RFC finding and agreed with the vocational expert's previous testimony that Plaintiff can perform the four jobs previously identified.[4] The ALJ

---

[2] The ALJ initially scheduled a hearing in February 2013. However, the Plaintiff failed to appear at the February hearing or at a hearing scheduled in March 2013. (Admin. R. at 1171.)

[3] The ALJ also did not call a medical expert.

[4] The jobs were garbage collector, sandwich board carrier, cleaner, and harvest worker. (Admin. R. at 586-87.)

concluded that vocational expert testimony was not required because the ALJ could rely exclusively on the framework of Grid § 204.00 to satisfy Defendant's step 5 burden (contrary to the Court's decision in *Gurney I*).

**DISCUSSION**

The parties agree that the Court should vacate and remand the administrative decision. Defendant argues that further proceedings would be appropriate, while Plaintiff maintains that the Court should order Defendant to award benefits.

**A.      Plaintiff's Request that the Court Direct the Award of Benefits**

"[O]rdinarily the court can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." *Seavey v. Barnhart*, 276 F.3d 1, 11 (1st Cir. 2001). In the absence of evidence and law that compel a finding of disability, a remand for further proceedings is the proper remedy. *Id*. Remand for further proceedings is appropriate when the Court determines that the Commissioner failed to meet the burden of proof at step 5 of the sequential evaluation process. *Id.* (vacating order directing payment of benefits despite claimant's argument "that the Commissioner [was] to blame for the insufficiency of the record, as the Commissioner failed to call a vocational expert to testify at the hearing"); *see also Freeman v. Barnhart*, 274 F.3d 606, 609 (1st Cir. 2001) (vacating order directing payment on remand where the order "rested primarily on the notion that the Commissioner bears the burden of proof at Step 5"). In effect, regardless of evidentiary burdens, "[i]f an essential factual issue has not been resolved … and there is no clear entitlement to benefits, the court must remand for further proceedings." *Seavey*, 276 F.3d at 11.

The record does not clearly establish that Plaintiff is unable to perform substantial gainful activity. A remand for further proceedings, therefore, would be appropriate. Plaintiff argues, however, that further administrative review is not appropriate because "administrative deference does not entitle the Commissioner to endless opportunities to get it right." (Pl.'s Response at 3, ECF No. 15, quoting *Seavey*, 276 F.3d at 13.) In support of her request, Plaintiff notes the protracted nature of the proceedings, which have included more than one ALJ. (*Id.*) Citing *Butts v. Barnhart*, 388 F.3d 377, 386-87 (2d Cir. 2004), Plaintiff argues that given the circumstances in this case, an order to award and pay benefits on remand is warranted.

As the *Seavey* Court observed, "the delay in final disposition of claims may, at times, make requests by the Commissioner for additional proceedings a matter of some concern." *Seavey*, 276 F.3d at 13. The delay in this case is in fact of concern. One must balance, however, the preference for a disposition based on the merits of a claim with legitimate need for all concerned to resolve claims efficiently. Here, a remand for further proceedings under certain conditions can resolve Plaintiff's claim on the merits relatively promptly.

**B.      Defining the Scope of Further Proceedings**

"The question of what instructions should accompany a remand order will turn on the nature of the error at the ALJ proceedings." *Seavey*, 276 F.3d at 10. In its two prior remand orders, the Court concluded that the ALJ erred at Step 5 of the sequential process. The focus upon remand on this occasion should be limited to the Step 5 issues. In particular, the proceedings should be limited to the assessment of the significance of Plaintiff's IQ testing scores to Plaintiff's RFC and whether jobs exist in significant numbers in the national economy that Plaintiff could perform in light of her borderline IQ. As part of the proceedings, Defendant should obtain additional evidence

from a vocational expert.[5] In addition, insofar as the record contains somewhat conflicting medical evidence regarding Plaintiff's IQ and its impact on Plaintiff's functional capacity, the ALJ should entertain additional medical evidence on that narrow issue.

As mentioned above, the length of the proceedings is concerning. To assure that the matter is resolved without undue delay, the recommendation is also that the remand order include a directive that the administrative proceedings, including the issuance of the final administrative decision, be concluded within a definite period of time.[6]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court remand the case for further administrative proceedings under the following conditions:

1. That the issue on remand is limited to assessing the significance of Plaintiff's IQ testing scores to Plaintiff's RFC and whether jobs exist in significant numbers in the national economy that Plaintiff could perform in light of her borderline IQ;

2. That the ALJ obtain further evidence, including testimony, from a vocational expert;

3. That the ALJ obtain further medical evidence, including testimony, on the issue of Plaintiff's IQ and its impact on Plaintiff's functional capacity; and

---

[5] Defendant asks that the Court direct that the ALJ contact a vocational expert "prior to the hearing and provide … the RFC assessment and the IQ scores at issue so that any suitable jobs that may exist can be identified despite limitations in vocational software." (Motion to Remand at 4.) The ALJ should notify the vocational expert of the IQ issue in advance of the hearing and of the need to be prepared to testify on the issue.

[6] The recommendation is modeled on the schedule directed by the Second Circuit in *Butts*: *i.e.*, "that further proceedings before an ALJ be completed within 60 days of the issuance of the district court's order and, if that decision is a denial of benefits, a final decision of the Commissioner be rendered within 60 days of Butts' appeal from the ALJ's decision." *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) *as amended on reh'g in part,* 416 F.3d 101 (2d Cir. 2005). As noted by the First Circuit in *Seavey*, 276 F.3d at 13 n.14, in 1984 the Supreme Court vacated a district court injunction specifying deadlines for social security proceedings in favor of a class of Vermont claimants. *See Heckler v. Day*, 467 U.S. 104, 119 (1984) (5-4). However, the *Day* Court did not impose a deadline as part of a remand order granting relief pursuant to 42 U.S.C. § 405(g), as is proposed here, and as the Second Circuit did in *Butts* in 2005, despite the Supreme Court's opinion vacating the relief awarded in *Day*.

4. That the proceedings before the ALJ, including the issuance of the decision, conclude within 60 days of remand; if the decision of the ALJ is a denial of benefits and if Plaintiff appeals from that decision, that Defendant issue a final decision within 60 days of the appeal.[7]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of February, 2015.

---

[7] The recommendation regarding the time within which the proceedings are to be concluded is in accord with the Court's directive in *Butts*. 388 F.3d at 387.